IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KRISTI L. NEVLING,

        Plaintiff,

    v.

GIANT FOOD STORES, LLC

        Defendant.

CIVIL ACTION
NO.:

**COMPLAINT AND JURY DEMAND**

**I.     PRELIMINARY STATEMENT**

Plaintiff, Kristi L. Nevling, claims of Defendant, Giant Food Stores, LLC, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary, and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to the Plaintiff by the laws of the United States of America.

2. This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

3. The action, and is brought by the Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate, and intentional discrimination with respect to her compensation, terms, conditions, and privileges of employment by the Defendant, based on her gender.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title VII and §1981, which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

5. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

6. The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367, to consider Plaintiff's discrimination claims arising under the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

7. All conditions precedent to the institution of this suit have been fulfilled. On August 17, 2020 a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. This action has been filed by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III. PARTIES

8. Plaintiff, Kristi L. Nevling, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 607 Hulmeville Avenue, Langhorne, Pennsylvania.

9. Defendant, Giant Food Stores, LLC, was and is now a Corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 720 D West Street Road, Warminster, Pennsylvania.

10. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

11. Defendant have been "person(s)" and "employer(s)" as defined under Title VII and the PHRA, and are subject to the provisions of each said Act. At all times relevant hereto, Plaintiff was either individually or jointly employed by Defendant.

## IV. STATEMENT OF CLAIMS

12. Plaintiff was employed by Defendant for approximately thirty-two (32) years until she was terminated from her position of employment on October 26, 2019, as a result of the unlawful employment practices complained of herein.

13. Throughout her lengthy tenure of employment with Defendant, Plaintiff held several positions including her last position of Store manager in Warminster, Pennsylvania.

14. During the course of her employment, Plaintiff maintained a satisfactory work performance record and prior to the events giving rise to her termination, had never been the subject of any disciplinary action.

15. Plaintiff was subjected to differential and disparate standards of treatment on the basis of her gender (female), ultimately resulting in the termination of her employment with Defendant.

16. In connection thereto, prior to her discharge, Plaintiff was informed that she was the subject of an investigation into alleged wrongdoing concerning the completion of certain survey cards by a subordinate male employee.

17. Plaintiff vehemently denied any wrongdoing and insisted that she had no involvement whatsoever in any improper conduct with respect to the said surveys.

18. In fact, to Plaintiff's understanding, Defendant's purported investigation did not reveal any corroborating evidence to suggest that she was culpable for any such wrongdoing.

19. Notwithstanding her repeated denials, Plaintiff was terminated form her position of employment, along with another female assistant manager. The said male employee who admitted having engaged in wrongdoing was not terminated.

20. Furthermore, another similarly-situated male manager working at Defendant's Willow Grove, Pennsylvania store was likewise accused of being involved in a scheme to falsify survey cards, however was not subject to any disciplinary action.

21. Defendant failed to conduct a non-biased legitimate investigation, failed followed its progressive discipline policy in a gender-neutral manner and ultimately terminated Plaintiff in a disparate manner for engaging in the same alleged conduct as the aforesaid Male manager who was not disciplined.

22. Plaintiff believes and therefore avers that she was subjected to disparate standards of treatment on the basis of her gender which resulted in her discriminatory discharge.

## COUNT I
### (Title VII)
### Gender Discrimination

23. Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as if fully set forth at length herein.

24. The actions of the Defendant, through their agents, servants and employees, in subjecting the Plaintiff to gender discrimination in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment solely because of her gender, constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

25. Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

26. As a direct result of Defendants' willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
### (PHRA)
### Gender Discrimination

27. Plaintiff incorporates by reference paragraphs 1 through 26 of this Complaint as if fully set forth at length herein.

28. The actions of the Defendants, through their agents, servants, and employees, in subjecting the Plaintiff to gender discrimination and retaliation in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment solely because of her gender, constituted a violation of the Pennsylvania Human Relations Act 43 P.S. § 951, *et seq*.

29. Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

30. As a direct result of Defendants' willful and unlawful actions in violation of the PHRA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## **PRAYER FOR RELIEF**

Plaintiff repeats the allegations of paragraphs 1 through 30 of this Complaint as if set forth herein at length.

WHEREFORE, Plaintiff requests the Court to enter judgment in his favor and against Defendant and order:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c) Defendant pay to Plaintiff punitive damages (under Title VII) pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

**LOVITZ LAW FIRM, P.C.**

By: _____
    KEVIN I. LOVITZ, ESQUIRE
    ID # 70184
    One Liberty Place
    1650 Market Street, 36th Fl.
    Philadelphia, PA 19103
    (215) 735-1996 Phone
    (267) 319-7943 Fax
    Attorney for Plaintiff, Kristi Nevling